UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM BARROCA,<br><br>  Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. CR-94-0470 EMC<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR AN INDICATIVE RULING, REQUEST TO AMEND OR SUPPLEMENT PETITION, AND MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(Docket Nos. 884, 889)** |

Petitioner in this case is currently incarcerated in federal prison following his 2004 guilty plea and sentencing for various federal drug charges. After pursuing various appeals, Petitioner filed a motion to vacate the Court's judgment under 28 U.S.C. § 2255 on April 6, 2010. This was 37 days after the statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On September 13, 2010 Defendant filed a motion to toll the statute of limitations, which this Court denied on December 20, 2011. Docket No. 875.[1] In that motion, Petitioner had argued that the statute of limitations should be tolled because (1) there were a various periods of time during which the prison was on "lockdown" and he was unable to access his legal materials; (2) at one point, prison staff confiscated his legal files, and when they were returned they were in complete disarray with many papers destroyed; (3) the prison's required labeling system for outgoing mail (known as "TRULINCS") did not allow enough character spaces and lines to allow

---

[1] Petitioner appealed the denial of the motion to toll on January 20, 2012. On January 22, 2013, the Ninth Circuit denied Petitioner's request for a certificate of appealability. Docket No. 887.

him to sent mail directly to this Court, forcing him to send the habeas petition to his sister, who filed it.

On December 5, 2012, Petitioner filed a motion for relief from judgment and for an indicative ruling, arguing that the Court's December 20, 2011 order failed to consider certain arguments, and that he had newly discovered evidence relevant to the question of tolling. This Court denied Petitioner's request on January 11, 2013, finding that he had not established that he was entitled to relief from the December 20, 2011 order. Docket No. 886.

Currently pending is Petitioner's motion to reconsider this Court's January 11, 2013 order, and his request to amend his § 2255 habeas petition. Docket Nos. 884, 889.[2]

## I. DISCUSSION

A. Motion to Reconsider January 11, 2013 Order

Petitioner takes issue with several aspects of this Court's January 11, 2013 order, and moves for reconsideration under Rules 52(b) and 59(e). As an initial matter, neither of these rules is applicable to the instant motion. Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. In this case, judgment was entered pursuant to the Court's December 20, 2011 order over a year ago. Docket Nos. 875, 876. The January 11, 2013 order occurred after judgment had been entered, and thus Rule 59(e) is not the proper vehicle to challenge that order. Rule 52(b) is also inapposite; it is concerned with requests to amend findings of fact made by a court after a bench trial. As neither of the rules Petitioner cites are applicable, this Court construes the motion as one for relief from a judgment or order under Rule 60.

Rule 60 provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2] Petitioner's request to amend his § 2255 petition is styled as a request for an indicative ruling, as this case was on appeal at the time he filed it. Since the Ninth Circuit subsequently denied the certificate of appealability and the case is thus no longer on appeal, this Court will simply address Petitioner's request to amend his petition directly.

2

| | | |
|---|---|---|
| (3) | | fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; |
| (4) | | the judgment is void; |
| (5) | | the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or |
| (6) | | any other reason that justifies relief. |

Fed. R. Civ. P. 60(b). Petitioner here does not raise allegations of fraud, or argue that the judgment is void, or that it has been satisfied, released, or discharged. While Petitioner did argue in his earlier motion that there was newly discovered evidence, he does not now argue that there has been *additional* newly discovered evidence since the January 11 order. Thus, it would appear that Petitioner is arguing for reconsideration on the basis of either Rule 60(b)(1) or (6), "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief."

Petitioner argues that in the January 11 order, this Court inaccurately stated that he conceded that he would have timely filed his habeas petition despite the earlier destruction of some of his legal materials by prison staff, but that he was prevented from doing so by TRULINCS system that the prison had implemented in early 2010. However, in his previous filing, Petitioner stated that the habeas petition "still would have been filed on time if the Bureau of Prisons would have allows [sic] Barrocca to mail his petition to the court without having to fabricate a mailing label the Bureau's computer system couldn't produce." Docket No. 847 at 40; Docket No. 889 at 4. If the petition would have been timely filed had the prison not implemented TRULINCS, the destruction of his legal materials (for which he seeks 106 days of tolling), standing alone, made it impossible for him to file the petition on time. The Court's focus on the TRULINCS allegations rather than the earlier claimed basis for tolling is not an error requiring relief from the January 11, 2013 order.

Petitioner also takes issue with this Court's holding that he offered no evidence to contradict the December 20, 2011 finding that this Court's address fit on the TRULINCS labels, and that the TRULINCS system thus did not prevent him from filing his habeas petition within the statute of limitations. Docket No. 889 at 7. Petitioner offers no new evidence or argument on this front, but merely repeats arguments he raised in his previous motion. *See* Docket No. 882. He argues, for

3

example, that no one ever showed him how to abbreviate the Court's address to fit on a TRULINCS label. However, as noted in this Court's previous order, the two abbreviations included in the government's example label ("Attn:" and "CA") are in general use, and it is not clear why Petitioner would specifically need someone to instruct him to use such abbreviations.[3] *See* Docket No. 886 at 3. In any event, Petitioner raises no new point on this issue.

Petitioner also argues that the January 11, 2013 order was in error because it did not reverse the December 20, 2011 order, despite the fact that he provided evidence that some of the government's representations on the 2011 motion to toll were false or misleading.[4] What this Court found in the January 11, 2013 order, however, was that regardless of any false or misleading evidence provided by the government, there was still sufficient evidence to conclude that this Court's address would have fit on the TRULINCS label, and that Petitioner was thus not prevented from filing his petition by the TRULINCS system. Docket No. 886 at 3.

The only new information Petitioner offers in his motion only undermines his argument that he is entitled to equitable tolling. After concluding that he was not able to mail his habeas petition using the TRULINCS labels, Petitioner ultimately filed his petition by mailing it to his sister and having her send it to the court. In the January 11, 2013 order, this Court noted that Petitioner had not stated that he mailed the petition to his sister within the limitations period, nor did he explain why it took until 37 days after the limitations period for the petition to reach the Court. Docket No. 886 at 3-4. Petitioner now clarifies that he mailed his habeas petition to his sister after the statute of limitations had already run because he had been trying to obtain an exemption from the requirement that prisoners use the TRULINCS system. Petitioner apparently filed a grievance on this issue in October 2009, and pursued it through the administrative appeal process through August 2010.

---

[3] Indeed, in an October 2009 grievance Petitioner filed with the prison complaining about TRULINCS, he uses both abbreviations in addresses that he contends did not fit on the TRULINCS labels. Docket No. 848 Ex. C at 2.

[4] In the original motion to toll, the government had stated that Petitioner had filed documents with other courts using the TRULINCS system, thus undermining his argument that he was unable to fit this Court's address on the label. In his motion for reconsideration, Petitioner provided evidence that he had filed those documents before the TRULINCS system was implemented.

Docket No. 848 Ex. C-I. As Petitioner's habeas petition was filed with the Court in April 2010, it is clear that he did not believe himself obliged to wait until the administrative grievance process was concluded to mail his petition to his sister. He does not explain why, knowing that the deadline for filing his petition was approaching, he waited until after the deadline passed to mail his petition to his sister, thus ensuring that it would not be timely filed.

None of the facts or argument offered by Petitioner in the instant motion demonstrates that he is entitled to relief from this Court's January 11, 2013 order under Rule 60. As Petitioner's habeas petition is untimely, his motion to amend the petition is therefore moot.

## II. CONCLUSION

For the foregoing reasons, Petitioner's motions for relief from judgment and to amend his § 2255 habeas petition are **DENIED**.

This order disposes of Docket Nos. 884 and 889.

IT IS SO ORDERED.

Dated: March 27, 2013

EDWARD M. CHEN
United States District Judge